Ball v. Ballenseifen.

## GEORGE BALL

### v.

## HENRY BALLENSEIFEN.

*Negotiable Instruments—Note—Failure of Consideration—Pleadings and Proof—Variance—Instructions.*

In an action on a promissory note, given in payment for land to which

the title has failed, and accepted, when so given, by the plaintiff for an indebtedness due himself from the grantor of the land, it is *held:* That there is no variance between the pleadings and proofs; that the verdict for the defendant is sustained by the evidence; and that there is no error in the instructions.

[Opinion filed December 8, 1888.]

APPEAL from the Circuit Court of Marshall County; the Hon. N. W. GREEN, Judge, presiding.

Messrs. E. J. RIELY and BARNES & BARNES, for appellant.

Messrs. EDWARDS & EVANS, forap pellee.

C. B. SMITH, J. This was a suit on a promissory note, brought by appellant against appellee. The declaration was in assumpsit. The defendant filed two special pleas of failure of consideration, upon which issue was joined. The facts out of which this controversy arose are these, as disclosed by the record:

At the date of the note sued on, one Michael Louis had the title in his own name to the northeast quarter of the northeast quarter of section nine, town thirty, range two. It also appears that Michael Louis was indebted to appellant in the sum of $300 on a note which Ball wanted paid. Appellee testifies that Ball approached him three or four times and wanted to sell him the land, and claimed the land as his own, but said he himself could not make the deed, but that he would get Michael Louis to make the deed, and that he finally consented to buy it for $360 on condition that Ball would give him time, which Ball said he would do.

Afterward, Michael Louis, George Ball, the appellant, and appellee, Ballenseifen, and one Perley, an attorney at law, came together to close up the transaction with deeds, notes and mortgage to secure the purchase money.

The deed was made by Louis and his wife to Ballenseifen, and thereupon Ballenseifen executed one note for $300 to appellant and one note of $60 to Mrs. Louis, these two notes being for the full amount of the purchase money.

Ball v. Ballenseifen.

Ballenseifen and Perley both swear that this $300 note was made and delivered to appellant at his own and Michael Louis' request, and to be taken in lieu of the $300 claim appellant had against Louis.

There is no. denial of the fact that the only consideration of this note was the conveyance of the land and its covenants of warranty of title to appellee, and that appellant knew that fact when he took the note. Appellant denies that he procured the sale of the land or had anything to do with its negotiation. In the view we take of the case it is not very important whether he did or not. He was present when the trade was completed, and took, at his own request, the consideration for the land, and he was not then, and has not been since, an innocent holder of the note for value received without notice. At the time the deed was made there was an unpaid judgment against Michael Louis which was then a valid lien against this land, and upon which an execution was afterward issued and levied on the land and the land sold, and a deed afterward in due time made to the purchaser, whereby the title became lost to the appellee, and the consideration of both notes wholly failed.

These facts were properly pleaded, and not denied in the replications. A trial resulted in favor of the defendant below, and he had a judgment for costs. Appellant brings the case here for review, and assigns for error that the verdict and judgment are aga'nst the evidence, and that the court erred in permitting the defendant to make his defense under the pleas, alleging a variance between the proof and the pleas.

Appellant insists that because appellee testified that he made the bargain with Ball for the purchase of the land, that it does not support his pleas, both which are that he purchased the land of Michael Louis. We do not think this objection well taken. The pleas properly averred the purchase to be from the party who held the title and made the deed, and the mere fact that Ball may have brought the parties together and arranged the terms of the sale in no correct legal sense made him the seller. There was no variance between the proof and the pleas. We also think the evidence sustains the verdict.

The jury were justified in finding from the evidence that Ball, the appellant, was the originator of this trade, and that he induced appellee to make the purchase for his (appellant's) own benefit, and, if that be so, then he must be chargeable with notice of the infirmity of the title he induced appellee to buy, and especially so when he takes the benefits arising from the transaction. The case is not like one acting as the mere agent of another, selling for a commission without other interest in the transaction.

Appellant also insists that the court erred in giving and refusing instructions. We have examined the instructions in the light of the pleading and evidence, and are of opinion the court properly instructed the jury, and that the instructions are not open to the objections urged against them.

Finding no error in the record the judgment is affirmed.

*Judgment affirmed.*